UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FERGUSON ENTERPRISES, INC.,                                                    Plaintiff,

v.                                                            Civil Action No. 3:15-cv-656-DJH

GLENN HOLLENKAMP, et al.,                                        Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Ferguson Enterprises requests reconsideration of the Court's Order staying the case pending arbitration (Docket No. 86). (D.N. 87) After careful consideration, the Court will deny Ferguson's motion.

Though the Federal Rules of Civil Procedure do not provide for motions to reconsider, courts generally treat them as motions to alter or amend under Rule 59(e). *Harman v. W. Baptist Hosp.*, No. 5:12-CV-159-TBR, 2014 U.S. Dist. LEXIS 150403, at *8 (W.D. Ky. Oct. 22, 2014). Relief is appropriate under Rule 59(e) in one of four circumstances: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A motion to alter or amend is "extraordinary in nature and so should only be granted sparingly." *Gesler v. Ford Motor Co.*, 185 F. Supp. 2d 724, 729 (W.D. Ky. 2001) (citing *Plaskon Elec. Materials v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)). Ferguson's motion to reconsider does not meet this standard.

Ferguson filed its motion on the same day the Court entered its Order. (*See* D.N. 86, 87) It reasserts the same arguments, adding only that it would be a manifest injustice to deny its

1

motion. (D.N. 87-1) A motion to reconsider, however, "is not an opportunity to reargue their case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). Still, the Court has reconsidered Ferguson's arguments and finds that there is no manifest injustice in compelling arbitration and staying the case. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

    **ORDERED** that Plaintiff's motion to reconsider (D.N. 87) is **DENIED**.

January 11, 2016

**David J. Hale, Judge**
**United States District Court**